UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARIA AND CLIFFORD WUERTZ | CIVIL ACTION |
| VERSUS | NO. 09-3211 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | SECTION "N" (2) |

## **ORDER AND REASONS**

Before the Court is Plaintiff's **Motion to Remand (Rec. Doc. 4)**. The motion is opposed. After reviewing the pleadings, the memoranda, and the applicable law, the Court grants the motion.

### I. BACKGROUND

Plaintiffs owned a 2007 Chevrolet Avalanche, which they allege was stolen on December 28, 2009. The car was later found burned and was reported as a total loss. At the time, Plaintiffs had a policy of insurance on the car through Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), with comprehensive coverage and a $250.00 deductible. To date, State Farm has declined to pay under the policy, alleging that Plaintiffs had a hand in the destruction of their vehicle. Plaintiffs filed the instant suit on January 25, 2009, in the 34th Judicial District Court, St. Bernard Parish. The suit was removed to this Court on April 2, 2009. Plaintiffs filed the instant motion on May 1, 2009, alleging that the Court lacks subject-matter jurisdiction because the amount in controversy does not exceed $75,000.00, exclusive of interest and costs.

1

## II. ANALYSIS

Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states. Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). A defendant makes that showing when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75.000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If it is not "facially apparent," the Court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). All doubts and uncertainties regarding federal jurisdiction must be resolved in favor of remand. *York v. Horizon Fed. Sav. and Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Under any manner of proof, jurisdictional facts must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time. *Allen*, 63 F.3d at 1335.

If a removing defendant shows that the amount in controversy is likely to exceed the federal jurisdictional minimum, the plaintiff must then show that it is a "legal certainty" that he or she will not be able to recover the jurisdictional amount. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). This burden can be met by: (1) showing state procedural rules binding a plaintiff to his pleadings; or (2) filing a binding stipulation or affidavit to that

effect with the complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

In the instant case, Plaintiffs have made demand for an amount sufficient to pay the full lien on the vehicle as of January 7, 2009, which was $29,899.04. In addition, Plaintiffs also bring claims for bad-faith failure to pay under LA. REV. STAT. ANN. §§ 22:1973 and 22:1892. Under the more generous of these statutes, if bad faith is shown Plaintiffs could recover an award of 50 percent of actual damages, or approximately $14,949.00, for an approximate total claim of $44,848.00. Though State Farm is presently providing Plaintiffs a rental car, they also claim rental reimbursement "in the event the rental vehicle is not continued," and also payment for taxes and transfer fees on their vehicle. Neither of these items of damages, if added, would push the award above $75,000.00.

In addition, Plaintiffs also claim "all general damages incurred, but not limited to, mental and emotional pain and suffering." Defendant argues that the inclusion of this claim for mental anguish damages makes it facially apparent that the claim exceeds $75,000.00. The Fifth Circuit has held that the requisite amount in controversy is not facially apparent where the injuries alleged largely consist of the usual and customary damages set forth by a particular class of plaintiffs and are not specific as to the extent of the injuries or other damages. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999) (remand upheld in case where personal injury complaint "alleged, with little specificity, damages from less severe physical injuries—an injured shoulder, bruises, and abrasions—and unidentified medical expenses . . . plus loss of consortium"). Plaintiffs provide little detail about the nature and extent of their mental anguish and the Court finds that the inclusion of this claim does not make it facially apparent that the

claim exceeds the requisite amount in controversy.[1]

The Defendant offers no "summary-judgment type" evidence concerning jurisdictional facts at the time of removal in support of its contention that this Court has jurisdiction over this case. Accordingly, the Court finds that remand is warranted.

### III. CONCLUSION

Based on the foregoing analysis, Plaintiffs' Motion to Remand is **GRANTED** and the case is remanded to the 34th Judicial District Court, St. Bernard Parish.

New Orleans, Louisiana, this 18th day of June, 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[1] Defendant also argues that Plaintiffs have brought claims for Defamation and invasion of privacy. The claims are not among the list of categories of damages included in the complaint and the Court concludes that Plaintiffs have brought no such claims in this case.